**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JERSEY SHORE UNIVERSITY
MEDICAL CENTER,

        Petitioner,

   v.

LOCAL 5058, HEALTH
PROFESSIONALS & ALLIED
EMPLOYEES, AFT/ALF-CIO,

        Respondent/
        Counter-Petitioner.

Civil Action No. 16-4840 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Petitioner Jersey Shore University Medical Center's ("Petitioner") Petition and Motion to Vacate Arbitration Award. (ECF Nos. 1, 2.) Both submissions argue that the underlying Arbitration Award (the "Award") should be vacated based on two grounds: (1) the arbitrator disregarded certain evidentiary rulings made at the arbitration hearing; and (2) the Award was in manifest disregard of the law. (Pet. ¶¶ 31-34, ECF No. 1; Pet'r's Moving Br. 7-12, ECF No. 2-5.) Respondent and Counter-Petitioner Local 5058, Health Professionals and Allied Employees, AFT/AFL-CIO ("Respondent") filed a Verified Answer and Counter-Petition to Confirm the Arbitration Award (ECF No. 10), and a Motion for Judgment on the Pleadings (ECF No. 11). Petitioner filed an Answer to the Counter-Petition to Confirm Arbitration Award. (ECF No. 14.) In addition, Petitioner filed Opposition to Respondent's Motion for Judgment on the Pleadings and a Response to Respondent's Memorandum of Law Opposing

the Petition to Vacate. (ECF No. 15.) Respondent filed a reply to Petitioner with regard to its Motion for Judgment on the Pleadings. (ECF No. 16.)

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Petitioner's Petition and Motion to Vacate Arbitration Award (ECF Nos. 1, 2) are **DENIED** and Respondent's Counter-Petition to Confirm Arbitration Award and Motion for Judgment on the Pleadings (ECF Nos. 10, 11) are **GRANTED**.

## I. Background

Petitioner is an acute care hospital with its principal place of business in Neptune, New Jersey. (Pet. ¶ 6.) Respondent is a labor organization that represents Petitioner's employees. (*Id.* ¶¶ 7, 10.) Petitioner and Respondent are parties to a collective bargaining agreement ("CBA"), which reserves Petitioner's right "to discipline, suspend or discharge any employee only for just cause," and requires the parties to submit any dispute to arbitration with the American Arbitration Association. (*Id.* ¶¶ 10-12; Pet'r's Ex. A, ECF No. 1-2.)

On May 21, 2014, Petitioner discharged Christine Doyle, R.N. (the "Grievant"), a staff nurse employee, for her actions and inactions when a male patient sexually assaulted a female patient in the Grievant's assigned work area. (Pet. ¶ 13.) Respondent filed a grievance, arguing that Petitioner lacked the requisite "just cause" to discharge the Grievant. (*Id.* ¶¶ 1, 14.) When the grievance was not resolved, Respondent submitted the grievance to arbitration pursuant to the CBA. (*Id.* ¶ 15.)

The parties selected Arbitrator Jack D. Tillem (the "Arbitrator"), who conducted the two-day arbitration hearing (the "Hearing") on December 8, 2015 and January 12, 2016. (*Id.* ¶¶ 16-17.) During the Hearing, both parties called and cross-examined witnesses, introduced evidence, and

2

submitted briefs in support of their arguments. (*Id.* ¶¶ 17-18.) No record or transcript of the Hearing was made. (*Id.* ¶ 19.)

On May 11, 2016, the Arbitrator issued an opinion (the "Opinion" or the "Arbitrator's Opinion") and the Award, which rescinded Petitioner's decision to terminate the Grievant and replaced it with "a suspension without pay for time served." (*Id.* ¶¶ 20-21; Pet'r's Ex. B., at 15, ECF No. 1-3.) The Arbitrator based his decision on a number of factual findings, including three pieces of evidence that the Arbitrator excluded or never heard at the Hearing. (Pet. ¶¶ 22, 30.) The first piece of evidence was Medical Record #156748. (*Id.* ¶ 23.) Deposition testimony of a security guard referencing, and reading into the record, the contents of what was purported to be Medical Record #156748 was introduced at the Hearing. (*Id.* ¶¶ 23-24.) "The information allegedly contained in 'Medical Record #156748' was actually contained in proposed Union exhibits . . . which were excluded from evidence by the Arbitrator following an objection from [Petitioner] regarding the authentication of the documents." (*Id.* ¶¶ 24-25.)

The second piece of evidence that the Arbitrator excluded at the Hearing but later relied upon in his decision was information relating to Petitioner's "post-incident changes to its staffing patterns." (*Id.* ¶ 27.) At the Hearing, the Arbitrator sustained Petitioner's objection that the evidence constituted inadmissible subsequent remedial measures pursuant to Federal Rule of Evidence 407. (*Id.*) The Arbitrator's Opinion, nonetheless, acknowledged the increase in staffing after the incident and found that the increase was "most likely" the result of the incident. (*Id.* ¶ 28.)

Finally, the Arbitrator's Opinion noted that the Grievant's work history was composed of "'excellent evaluations with no prior discipline.'" (*Id.* ¶ 29 (quoting Pet'r's Ex. B., at 15).) At the Hearing, however, "[n]either party presented any evidence of [the Grievant's] evaluations or

3

discipline history . . . because her evaluations and discipline history were not good." (*Id.* ¶ 30.) "If the [Respondent] had attempted to present evidence of [the Grievant's] employment excellence, the [Petitioner] was prepared to introduce documents establishing the converse." (*Id.*)

Petitioner now seeks to vacate the Award pursuant to Section 10(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10; and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Pet'r's Moving Br. 1.)

## II. Legal Standards

### A. Petition to Vacate Arbitration Award

While federal courts analyze labor arbitration awards related to collective bargaining agreements under the LMRA, most federal courts—including the Third Circuit—also refer to the FAA standards for guidance. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 n.9 (1987); *Farmland Dairies v. Milk Drivers & Dairy Emps. Union Local 680*, 956 F. Supp. 1190, 1201-02 (D.N.J. 1996) (noting that the Third Circuit adopts a narrow reading of the FAA's Section 1 exclusionary clause, and thus applies the FAA to most collective bargaining agreements); *see also Wash. Hosp. v. SEIU Healthcare Inc., Pa.*, 615 F. App'x 56, 58-62 (3d Cir. 2015) (applying the FAA to an arbitration arising under a collective bargaining agreement pursuant to the LRMA).

"Section 9 of the FAA authorizes district courts to confirm arbitration awards as final judgments of the court." *N.J. Bldg. Laborers' Statewide Ben. Funds v. Danmar Contractors, LLC*, No. 06-6048, 2007 WL 316577, at *2 (D.N.J. Jan. 30, 2007). Pursuant to the FAA, an arbitration award is subject to vacatur based on four exclusive grounds: (1) the "award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption in the arbitrator[]"; (3) "the arbitrator[] [was] guilty of misconduct in refusing to postpone the hearing, upon sufficient evidence shown, or in refusing to hear evidence pertinent and material to the

4

controversy; or of any other misbehavior by which the rights of any party have been prejudiced"; or 4) "the arbitrator[] exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." 9 U.S.C. § 10(a); *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008) (holding that Section 10 constitutes the *exclusive* grounds for vacatur of an arbitration award).

"There is a strong presumption under the [FAA] in favor of enforcing arbitration awards . . . ." *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 241 (3d Cir. 2005) (internal citation omitted). A court's review, therefore, is exceedingly narrow and a district court should vacate arbitration awards "only in the rarest case[s]." *Newark Morning Ledger Co. v. Newark Typographical Union*, 797 F.2d 162, 165 (3d Cir. 1986). The moving party "bears the burden of proving that the arbitration award at issue should be vacated." *I.B.T., Local 560 ex rel. Holland v. Serv. Concrete, Co.*, No. 11-4529, 2011 WL 4380735, at *3 (D.N.J. Sept. 19, 2011). "[M]indful of the strong federal policy in favor of commercial arbitration, [the Court] begin[s] with the presumption that the award is enforceable." *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 251 (3d Cir. 2013).

Furthermore, the Third Circuit defines "'misconduct' under 9 U.S.C. § 10(a)(3) as conduct 'which so affects the rights of a party that it may be said that [the party] was deprived of a fair hearing.'" *Coastal Gen. Constr. Servs. Corp. v. V.I. Hous. Auth.*, 98 F. App'x 156, 159 (3d Cir. 2004) (citing *Newark Stereotypers' Union v. Newark Morning Ledger Co.*, 397 F.2d 594, 599 (3d Cir. 1968)). The Court, however, may not vacate an arbitration award merely because of different views on the claim's merits, nor because the Court feels that the arbitrator made a factual or legal error. *See Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*, 357 F.3d 272, 279 2004). In fact, "[if] no dishonesty is alleged, the arbitrator's improvident, even silly,

5

factfinding does not provide a basis for a reviewing court to refuse to enforce the award." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (internal quotations omitted). Rather, for a district court to vacate an award due to prejudice, a party to an arbitration proceeding must not have been given any notice or opportunity to present arguments and evidence on the merits of the dispute. *See Teamsters Local 312 v. Matlack, Inc.*, 118 F.3d 985, 995 (3d Cir. 1997).

In addition, pending the Third Circuit's interpretation of *Hall Street Associates L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008),[1] the Court may vacate an arbitration award if the arbitrator acted in "manifest disregard of the law." *See Bellantuono v. ICAP Sec. USA, LLC*, 557 F. App'x 168, 173 (3d Cir. 2014). To meet this standard, the petitioner must demonstrate that the arbitrator was aware of a law that is "well defined, explicit, and clearly applicable to the case," and refused to apply the law. *See Cacace Assocs. v. S.N.J. Bldg. Laborers Dist. Council*, No. 07-5955, 2009 WL 424393, at *3 (D.N.J. Feb. 19, 2009); *Jeereddi A. Prasad, M.D., Inc., Ret. Plan Trust Profit Sharing Plan v. Inv'rs Assocs., Inc.*, 82 F. Supp. 2d 365, 370 n.9 (D.N.J. 2000). "[M]anifest disregard of the law does not encompass manifest disregard of the evidence, or mistakes of fact or law. Furthermore, manifest disregard of the evidence and mistakes of fact or law are not grounds for vacatur in their own rights." *Popkave v. John Hancock Distribs. LLC*, 768 F. Supp. 2d 785, 795 n.3 (E.D. Pa. 2011) (citing *Sherrock Bros. v. DaimlerChrysler Motors Co.*, 260 F. App'x 497, 499 (3d Cir. 2008)). Thus, even where an arbitrator has committed a serious error, a court may not overturn his decision as long as he was "arguably applying the contract and acting within the scope

---

[1] The Third Circuit has expressly declined to rule whether "manifest disregard of the law," a legal standard not enumerated in 9 U.S.C. § 10, remains a viable ground for vacating an arbitration award after *Hall Street Associates*. *See Bellantuono v. ICAP Sec. USA, LLC*, 557 F. App'x 168, 173-74 (3d Cir. 2014); *Whitehead v. Pullman Grp., LLC*, 811 F.3d 116, 120-21 (3d Cir. 2016). Accordingly, the Court addresses the would-be outcome of Petitioner's "manifest disregard" argument, without addressing whether such an argument remains viable.

of his authority." *Broadnax v. LVI Demolition Servs.*, No. 11-03084, 2012 WL 1964487, at *4 (D.N.J. May 31, 2012) (citing *United Paperworkers Int'l Union*, 484 U.S. at 38).

### B. Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), "judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that [the movant] is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). "[The Court] must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* (quoting *Jablonski*, 863 F.2d at 290-91). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations . . . ." *Bethea v. Roizman*, No. 11-254, 2012 WL 4490759, at *5 (D.N.J. Sept. 27, 2012).

### III. Parties' Positions

Petitioner's legal arguments stem from its assertion that the Arbitrator mishandled three "evidentiary issues." (Pet. ¶¶ 3, 4, 32.) First, Petitioner argues that in the Opinion, the Arbitrator improperly relied on information that he had previously refused to admit at the Hearing. (*Id.*) Specifically, Petitioner argues that the Arbitrator relied on the deposition of a security guard. (*Id.* ¶¶ 23-26.) Although the deposition itself had been properly admitted into evidence at the Hearing, Petitioner argues that in that deposition's transcript, the security guard identified and discussed the contents of a document entitled "Medical Record #156748." (*Id.*; Pet'r's Ex. B at 14.) Petitioner argues that Medical Record #156748 does not actually contain the information that the security guard testified to in his deposition—rather, the security guard was discussing information contained in Respondent's proposed Exhibits 2 and 8, which the Arbitrator had previously refused

to admit at the Hearing. (Pet'r's Moving Br. 4; *see also* Pet'r's Ex. C, ECF No. 1-4.)² Thus, even though the deposition was admitted into evidence, the Arbitrator had previously excluded the information quoted in the deposition and should not have relied on it in the Opinion. (Pet'r's Moving Br. 4.) Petitioner claims that it "has no clue how the document described in the deposition was misidentified," but contends that the Arbitrator's reliance on the information cited in the security guard's deposition was improper because Petitioner had successfully objected to that information. (*Id.* at 5.)

Second, Petitioner asserts that the Arbitrator's Opinion improperly relied on evidence of Petitioner's post-incident staff changes that the Arbitrator had previously ruled as inadmissible under Federal Rule of Evidence 407. (*Id.*) Third, Petitioner also claims that the Arbitrator relied on the Grievant's "excellent evaluations" and positive work history, which Petitioner argues was not offered at the Hearing and was fabricated by the Arbitrator "out of whole cloth." (*Id.* at 5-6.)

Petitioner argues that these evidentiary issues are grounds for vacatur under two separate theories. Petitioner's first theory is that the Arbitrator's "bizarre handling of these three evidentiary issues unreasonably prejudiced [Petitioner's] right to a fair hearing" under 9 U.S.C. § 10(a)(3). (*Id.* at 9-10.) Petitioner contends that the Arbitrator's sudden consideration of evidence he had previously refused to admit constituted an "arbitrary reversal of position," and denied Petitioner a chance to respond. (*Id.* at 10.) Similarly, Petitioner argues that it was prejudiced by being unable to challenge the Arbitrator's "contrived" evidence relating to the Grievant's work history. (*Id.*) Petitioner also argues that its fair-hearing claim does not depend on the existence of a hearing

---

² Petitioner explained that "Medical Record #156748 exists, but it does not contain any of the information relied on by the Arbitrator or contained in the deposition excerpt. The *actual* Medical Record #156748 . . . was not an exhibit in the [H]earing." (Pet'r's Moving Br. 4.) Petitioner has submitted what it claims is the actual Medical Record #156748 in Exhibit D. (ECF No. 1-5.)

transcript, and that holding otherwise "would essentially establish a bright line requirement requiring an arbitration to be transcribed in order for a party to preserve its right to challenge a defective award." (Pet'r's Opp'n Br. 11-12.) Accordingly, Petitioner asserts that the Court should vacate the Award based on the prejudicial impact of these evidentiary issues. (Pet'r's Moving Br. 10.)

Petitioner's second theory is that the arbitration award did not "draw its essence from the parties' CBA" because the Arbitrator acted in manifest disregard of the law. (*Id.*) Petitioner argues that the Arbitrator "indisputably was aware of the applicable legal standard—because he articulated it at the [H]earing by making the evidentiary rulings at issue"—and that his reliance on the evidence in his Opinion constitutes manifest disregard of the law. (Pet'r's Opp'n Br. 13.) Furthermore, Petitioner acknowledges that its "manifest disregard" argument "is limited to the Arbitrator's inexplicable disregard for his [own] legal rulings made at the [H]earing," and does not argue mistakes of fact or law. (*Id.*)

Respondent first counters that nothing in the record supports Petitioner's claim that the Hearing was unfair. (Resp't's Moving Br. 16.) Respondent argues that when there is no transcript of the Hearing, the Court may not reweigh evidence and find facts, and must limit its review to the CBA, the admitted exhibits, the post-hearing briefs, the Award itself, and the facts found by the Arbitrator. (*Id.* at 9-10, 12-13.) Here, Respondent asserts that nothing in the aforementioned record supports Petitioner's claim that witnesses did not testify to the Grievant's work history during the Hearing, nor whether the Arbitrator admitted evidence of Petitioner's changes to its staffing pattern. (*Id.* at 16-17.) Furthermore, they argue that the record here shows only that the Arbitrator accurately quoted a deposition transcript, which Petitioner concedes was admitted into evidence at the Hearing. (*Id.* at 13, 17-18.) Accordingly, Respondent argues that the Court may not consider

post-hearing evidence and would exceed the scope of its review by relying on assertions unsupported by the record. (*Id.* at 16.)

Additionally, Respondent argues that Petitioner was not prejudiced even if the Arbitrator erroneously considered the evidence at issue. (*Id.* at 20.) Respondent also contends that Petitioner has not demonstrated that the Award would have been different absent consideration of the challenged evidence. (*Id.*) In addition, because Petitioner admittedly did not present evidence of the Grievant's work history to establish its "just cause" for termination, Respondent submits that the Arbitrator was justified in incorporating the Grievant's excellent evaluations and work history into his decision. (*Id.* at 21; *see also* Resp't's Reply 7 n.3., ECF No. 16.) Moreover, Respondent asserts that the Arbitrator was not bound by the Federal Rules of Evidence. (Resp't's Moving Br. 22.)

Respondent further contends that Petitioner fails to meet the "exacting" manifest disregard standard. (*Id.* at 18.) Specifically, Respondent asserts that Petitioner does not allege that the Arbitrator knew of a specific standard of law—rather, only that the Arbitrator disregarded "his own 'law'—specifically, an evidentiary ruling that [Petitioner] claims was made at the [H]earing. [According to Respondent,] [t]his [is not] law that is 'well defined, explicit, and clearly applicable to the case.'" (Resp't's Reply 9 (quoting *Jeereddi A. Prasad, M.D., Inc., Ret. Plan Trust Profit Sharing Plan v. Inv'rs Assocs., Inc.*, 82 F. Supp. 2d 365, 370 n.9 (D.N.J. 2000)).) Respondent, therefore, argues that Petitioner merely alleges that the Arbitrator disregarded evidentiary rulings or engaged in mistake of fact or law, which are not grounds for vacatur. (Resp't's Moving Br. 19.)

Finally, Respondent argues that even if the Court finds Petitioner's arguments to be meritorious, the Court should remand the issue to the Arbitrator to resolve the parties' dispute in the manner in which the parties originally agreed. (*Id.* at 23.)

## IV. <u>Analysis</u>

Upon review of the parties' submissions, the Court agrees with Respondent that Petitioner has not met the "exacting" burden required to vacate an arbitration award under either of its two separate theories. (*Id.* at 18.)

First, Petitioner fails to demonstrate that any of the three evidentiary issues amount to the "misconduct" under 9 U.S.C. § 10(a)(3) as articulated by the Third Circuit.[3] Rather than citing to analogous case law,[4] Petitioner summarily declares that it "goes without saying" that it was prejudiced by the Arbitrator's Opinion. (Pet'r's Moving Br. 10.) The facts of the present case, however, are unlike those in the the rare instances in which the Third Circuit has vacated arbitration awards.

Principally, Petitioner has failed to demonstrate that if the Court excised these three evidentiary issues from the record, the Award would be rendered unsubstantiated. *See Brentwood Med. Assocs.*, 396 F.3d at 242. Here, the Arbitrator's Opinion did "not rest solely upon the aberrant language . . . [and] there is sufficient substance in the remainder of the discussion to pass the minimum rationality threshold." *See id.* at 243; (Pet'r's Ex. B.) In finding that the Grievant was not solely to blame for the events leading to her termination, the Arbitrator determined that the

---

[3] The Third Circuit defines "'misconduct' under 9 U.S.C. § 10(a)(3) as conduct 'which so affects the rights of a party that it may be said that he was deprived of a fair hearing.'" *Coastal Gen. Constr. Servs. Corp.*, 98 F. App'x at 159 (citing *Newark Stereotypers' Union*, 397 F.2d at 599).

[4] The cases that Petitioner relies upon in its submission demonstrate that the evidentiary issues here do not amount to an arbitrator's refusal to hear evidence or arguments. *See, e.g., Coastal Gen. Constr. Servs. Corp.*, 98 F. App'x at 159 (vacating an arbitration award due to the arbitrator's refusal to postpone a hearing to allow party to investigate its adversary's allegedly-fraudulent amended claim); *Teamsters Local 312*, 118 F.3d at 985 (affirming vacatur because the arbitrator ruled on the substantive issues of the dispute after expressly promising to only address the procedural issues of the dispute, denying one party the chance to argue the substantive issues). (Pet'r's Moving Br. 8.)

11

Grievant was simultaneously dealing with five difficult patients for eight hours. (Pet'r's Ex. B, at 10.) Moreover, the Arbitrator found that no physician was present in the Crisis Unit at the time of the incident, which prevented the Grievant from taking extraordinary measures to restrain the problematic patient pursuant to statutory mandates and Petitioner's policy. (*See id.* at 11.) Additionally, there were no security guards present in the Crisis Unit at the time of the incident. (*Id.* at 12.)

Even absent the challenged deposition testimony of the security guard, the Arbitrator sufficiently relied on the fact that there were video cameras monitoring the Crisis Unit at the time of the incident to attribute some fault to the security team for their lack of response. (*Id.*) Accordingly, Petitioner was not deprived of a fair hearing. Even assuming, *arguendo*, that the Arbitrator erred in considering the evidence at issue, "his error was not in bad faith or so gross as to amount to affirmative misconduct." *United Paperworkers Int'l Union*, 484 U.S. at 40. The Court finds that Petitioner, therefore, has failed to meet its burden under 9 U.S.C. § 10(a)(3). *See id.*; *Brentwood Med. Assocs.*, 396 F.3d at 243.

Moreover, Petitioner had the opportunity to object to the reading of Medical Record #156748 during the security guard's deposition and when Respondent moved to admit this deposition testimony into evidence at the Hearing. (Resp't's Moving Br. 13.) Furthermore, because Petitioner had the burden of proving its "just cause" for terminating the Grievant, Petitioner's ability to present its alleged evidence of the Grievant's questionable work history did not depend on Respondent first raising the issue of the Grievant's work history. (Pet'r's Moving Br. 10; Resp't's Moving Br. 21.)

Finally, even if "manifest disregard of the law" remains a viable argument in the Third Circuit in the wake of *Hall Street Associates*, Petitioner has failed to meet the relevant standard.

*See Bellantuono*, 557 F. App'x at 174 ("Because we find that the District Court was correct in concluding that the Panel did not act in manifest disregard of the law, we need not" address whether the standard is still viable). Petitioner has pled nothing more than alleged disregard of evidence, or mistakes of facts or law, which are inadequate grounds for vacatur in the Third Circuit. *Brentwood Med. Assocs.*, 396 F.3d at 239. Petitioner has not alleged that the Arbitrator was aware of any law that is "well defined, explicit, and clearly applicable to the case," beyond the Federal Rules of Evidence and the Arbitrator's own evidentiary rulings. *See Cacace Assocs.*, 2009 WL 424393, at *3; *N.J. Bldg. Laborers Dist. Councils Local 325, Liuna v. Molfetta Indus. Co.*, 365 F. App'x 347, 351 (3d Cir. 2010) (noting that arbitrators are not bound by the Federal Rules of Evidence). Here, the Court does not find error "that would rise to the level of manifest disregard of the law." *Whitehead*, 811 F.3d. at 121.

## V.   Conclusion

For the reasons set forth above, Petitioner's Petition and Motion to Vacate Arbitration Award (ECF Nos. 1, 2) are **DENIED**, and Respondent's Counter-Petition to Confirm Arbitration Award and Motion for Judgment on the Pleadings (ECF Nos. 10, 11) are **GRANTED**. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: March 16th, 2017