# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

August 24, 2017

## LETTER OPINION

**VIA CM/ECF**
All counsel of record

Re:    *Jersey Shore University Medical Center v. Local 5058, Health Professionals and Allied Employees, AFT/AFL-CIO*
       Civil Action No. 16-4840 (MAS) (DEA)

Dear Counsel:

This matter comes before the Court on Respondent Local 5058, Health Professionals and Allied Employees, AFT/AFL-CIO's ("Respondent") Motion for Attorneys' Fees. (ECF No. 19.) Petitioner Jersey Shore University Medical Center ("Petitioner") filed opposition (ECF No. 22), and Respondent replied (ECF No. 23). The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Respondent's Motion for Attorneys' Fees is DENIED.

"Under the American rule, each party normally must bear the burden of its own legal expenses, including attorneys' fees." *Mobil Oil Corp. v. Indep. Oil Workers Union*, 679 F.2d 299, 305 (3d Cir. 1982). "In most arbitration enforcement actions, [however,] the Court has discretion to award attorney's fees and costs when one party, without justification, refuses to abide by an arbitration award." *Bd. of Trs. of the Int'l Union of Operating Eng'rs, Local 825 Pension Fund v. Fondacaro Cos.*, No. 06-3359, 2007 WL 556876, at *6 (D.N.J. Feb. 13, 2007) (citation omitted). Additionally, the Court may award attorneys' fees where "the losing party litigated in bad faith, vexatiously, or for oppressive reasons." *Mobil Oil Corp.*, 679 F.2d at 305. Here, Respondent first argues that Petitioner acted without justification and did not have a reasonable chance to prevail when it sought vacatur of the underlying arbitration award. (*See* Resp.'s Moving Br. 7, ECF No. 19.) Respondent further argues that Petitioner's request for relief was "in bad faith, vexatious, wanton, or for oppressive reasons." (*Id.* at 8.) The Court, however, disagrees with Respondent.

Upon review of the parties' submissions in the instant litigation, the Court finds that Petitioner had adequate justification to bring suit and finds no indication that Petitioner litigated in bad faith, vexatiously, or for oppressive reasons. In the Court's decision on the merits of the instant action, the Court noted that Petitioner alleged evidentiary and procedural errors by the arbitrator. (*See* Mem. Op. 11-13, ECF No. 17.) The Court, however, determined that there was "sufficient substance in the remainder of the [Arbitrator's decision] to pass the minimum rationality threshold" to support the outcome of the arbitration. (*Id.* at 11 (citation omitted).) Accordingly, Petitioner's position was not "so lacking in merit that costs and attorney[s'] fees

should be []imposed[] against [Petitioner]." *Mobil Oil Corp.*, 679 F.2d at 305. Moreover, it does not appear that the Petition was untimely or that Petitioner has a "history of refusing to comply with arbitration awards." *Id.* The Court, therefore, finds the imposition of attorneys' fees and costs unnecessary in this matter.

       For the reasons stated above, the Court DENIES Respondent's Motion for Attorneys' Fees. An order consistent with this decision will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**